(after argument by Williams for the plaintiff and Davie for the defendant):
If Powell was not authorized to arrest, and did arrest, and then suffered him to go at large, the action will not lie. If he had any authority to arrest, it must be by force of the warrant. This is plain from considering the reason why the law requires a warrant in writing at all. It requires it that the officer may be directed precisely what to do, that he may know how far he ought to go, (396) and that he may produce it in his justification when questioned for what he has done under it. The law will not permit that an officer shall proceed to arrest a man, and deprive him of his liberty, unless pursuant to an authority given him for that purpose. If he was permitted to act without a warrant in writing, he might mistake the verbal precept of the magistrate, and do either more or less than he was commanded. From the uncertainty of verbal directions, and owing to the not recollecting the precise terms of them, he might easily act otherwise than intended. For the benefit of the citizen, therefore, that he may at all times be able to call upon the officer to produce his authority, and to see precisely what it was, the law established the necessity of a written warrant. Anything contained in the directions of the magistrate or of the plaintiff that is not contained in the warrant is no authority upon which the officer can act. This warrant, in the present case, is not such an one as can in law justify the arrest. The act of 1786 directs that where the sum is over £ 5 pounds the constable shall arrest and hold to bail. It should appear in the warrant that the sum is over £ 5; otherwise he cannot arrest. This warrant does not state that the sum demanded was over £ 5, but only that it was under £ 20. It might be also *Page 308 
under £ 5, and therefore the arrest was illegal, and releasing the defendant in the warrant was proper and what he ought to have done.
The plaintiff was nonsuited.
See Ellis v. Gee, 5 N.C. 445.